Nott, J.
delivered the opinion of the Court.
The first ground taken in this case is, that the bond is void because it is given for the performance of a public office, and given to one not authorized by law to take such bond.
In the course of the argument, it was contended that the act of Congress, in relation to the organization of the militia, authorizes only a lieutenant-colonel to each regiment, and that therefore the act of South Carolina allowing a colonel is unconstitutional and void. But by a reference to the act of Congress of 1816, it will be seen, that that was a mistaken view of the subject, and that the colonel was regularly and legally appointed.
By the act of 1809, 2 Brev. 78, it is provided, that in future all fines shall be collected by such person or persons as the major, lieutenant-colonel, or commanding officer of regiments or brigades shall appoint within their respective commands. *213 But the person so appointed is not a public offier; he is the mere agent of the commanding officer, appointed, and removed by him at his pleasure. The law does not require that he should give bond for the faithful discharge of his duty. But a bond is . . , , , ... ... , not vota merely because it is voluntary; and this can be considered as nothing more than a voluntary bond. There can be nothing unlawful in requiring a person to do his duty. If the collector had been appointed by any other authority, and the colonel had been authorized only to issue a commission; to have required a bond as the only condition upon which he would grant it, might have been considered as a species of duress which would render it void, because it would have been withholding a right until terms were complied with, which he had no right to impose. But here the defendant had no right to the office: and in conferring the right the colonel was authorized to impose any terms not inconsistent with his duty.
1 Faust, 819.
Another ground is, that the collector is required by law to pay the fines into the hands of the paymaster, and not to the colonel; and as the latter had no right to receive the money, he had no right to take a bond payable to himself. But by the act of 1809, 2 Brev. 79, it is enacted, that all officers ordering courts-martial, or authorized by law to approve courts-martial within their respective commands, shall, as often as they shall think proper, and once in every year at least, compel the collector or collectors of fines as aforesaid, and all other persons who may have received or collected fines for neglect of patrol or militia duty, to come to an account and reckoning, and pay over the said fines so collected, to be applied according to law. And by the act of 1794, the colonel of the regiment is the person authorized to appoint courts-martial and to approve of the sentence — or rather the lieutenant-colonel, who then commanded the regiment, but now the colonel, on whom that authority has since devolved. That act amounts almost to a direct authority to take a bond, as the best method of compelling a performance of the duty. The bond does not require the money to be paid to the colonel, but the condition is for the performance of all the duties required by the militia laws of the State, among which are the payment of the fines to the paymaster. Neither does it require him to obey all the orders of the colonel, as is supposed, but only such as are conformable to the said laws.
*214 The penalty of the bond being payable to the colon el, affords no groun(j 0f objection. An administration bond is given to the ordinary, yet he has no right to receive the money. The bonds of the sheriffs and other public officers are given to the treasurers,yet a payment of the money to them would not be a fulfilment of their duty. The colonel is made the organ of the law to compel the performance of this service. And this is the' method which he has adopted to effect the object, and the paymaster may make' use of his name for the purpose. I am of opinion, therefore, that the colonel, instead of having violated his duty, has manifested a laudable vigilance in the execution of it. And I think the collector of fines would come with an ill grace to ask the aid of this Court to screen him from his delinquency. His sureties are not involved in his moral guilt; but the Court cannot save them from the consequences of misplaced confidence. The motion must therefore be refused.
Motion refused.